IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

JOSHUA EZEKIEL BROWN,

    Plaintiff,

v.

EDWIN HERNANDEZ, et al.,

    Defendants.

Case No.: GJH-15-3687

## MEMORANDUM OPINION

Plaintiff Joshua Ezekiel Brown has filed suit against Corporal Edwin Hernandez and Prince George's County, alleging police brutality, excessive force, police misconduct, and assault. ECF No. 2. Pursuant to 28 U.S.C. §§ 1441–1447, Defendant Prince George's County removed this matter from the Circuit Court for Prince George's County, Maryland to this Court. ECF No. 1.

This Memorandum Opinion and accompanying Order address Plaintiff's Motion to Remand (ECF No. 14) and Defendant Prince George's County's Motion to Dismiss (ECF No. 16). A hearing is unnecessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons stated below, Plaintiff's Motion to Remand is DENIED and Defendant Prince George's County's Motion to Dismiss is DENIED.

### I. PROCEDURAL BACKGROUND

Plaintiff Brown's original Complaint was filed in the Circuit Court for Prince George's County, Maryland on June 17, 2015. ECF No. 2. In his Complaint, Brown alleged five claims,

including two federal claims under 42 U.S.C. § 1983. ECF No. 2. On December 16, 2015, Defendant Prince George's County filed a Notice of Removal on the basis of this Court having original jurisdiction over Plaintiff's federal claims. ECF No. 1. Plaintiff then filed a Motion to Remand, arguing that Plaintiff's Amended Complaint, filed in the Circuit Court for Prince George's County[1] on December 31, 2015, absolved this Court of jurisdiction because Plaintiff removed the federal issues and no diversity of jurisdiction exists. ECF No. 14. On January 15, 2016, Defendant Prince George's County filed a Motion to Dismiss in this Court, asserting that claims presented in the Amended Complaint should be dismissed. *See* ECF No. 16. Four days later, Defendant Prince George's County filed an opposition to Plaintiff's Motion to Remand. ECF No. 17.

## II.     DISCUSSION

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (2012); *see also* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.* § 1447(c). District Courts are "obliged to construe removal jurisdiction strictly because of the 'significant federalism concerns' implicated." *Dixon v. Coburg Dairy*, 369 F.3d 811, 816 (4th Cir. 2004). When reviewing a motion to remand, courts must consider "the

---

[1] In Plaintiff's Motion to Remand, Plaintiff states that he "filed an Amended Complaint in the Circuit Court for Montgomery County on December 31, 2015." ECF No. 14 ¶ 2. However, the Amended Complaint that Plaintiff attached to his motion indicates that the Amended Complaint was stamped by the Clerk of the Circuit Court for Prince George's County. ECF No. 14-1.

2

complaint at the time of removal to determine if removal was appropriate in the first place." *Merritt Blvd., Inc. v. Dep't of Permits & Dev. Mgmt.*, 60 F. App'x 944, 945 (4th Cir. 2003). If the complaint asserted claims under the United States Constitution at the time of removal, district courts have federal subject matter jurisdiction. *Id.* If removal of a matter is sought, the "party seeking removal bears the burden of demonstrating that removal jurisdiction is proper." *In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 583 (4th Cir. 2006).

Here, removal to this Court was proper because Plaintiff's original Complaint included civil actions arising under the Constitution. *See* ECF No. 2. Plaintiff filed its Amended Complaint in the Circuit Court for Prince George's County, Maryland, fifteen days after Defendant Prince George's County filed its Notice of Removal, making the Complaint the operative pleading at the time of removal. *See* ECF No. 1 (Notice of Removal filed Dec. 16, 2015); ECF No. 14-1 (Amended Complaint filed Dec. 31, 2015). Although Plaintiff attached the Amended Complaint to its Motion to Remand, the Amended Complaint has not been filed in this Court. Plaintiff's Motion to Remand Action to State Court is DENIED. If Plaintiff files its Amended Complaint in this Court, and the Amended Complaint contains only State claims, the Court will reconsider remanding the case to the Circuit Court for Prince George's County, Maryland.

Curiously, despite correctly noting in its Opposition to Plaintiff's Motion to Remand that the Amended Complaint has not been filed in this Court, Defendant Prince George's County's Motion to Dismiss is directed towards claims that are included in Plaintiff's Amended Complaint. The operative pleading in this Court is Plaintiff's Complaint. Accordingly, Defendant Prince George's County's Motion to Dismiss is DENIED.

### III.     CONCLUSION

For the reasons stated above, Plaintiff's Motion to Remand is DENIED, without prejudice, and Defendant Prince George's County's Motion to Dismiss is DENIED. The Court will reconsider the issue of remand if Plaintiff properly files an Amended Complaint containing only state claims and subsequently requests that the matter be remanded to the Circuit Court for Prince George's County, Maryland.

Dated: May 16, 2016

/s/ GEORGE J. HAZEL
GEORGE J. HAZEL
United States District Judge